IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| KENNEDY COURT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 6:21-CV-147 |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Christopher Baylor, | ) | |
| | ) | |
| Defendant. | ) | |

**Christopher Gary Baylor's ANSWER AND COUNTERCLAIMS
TO KENNEDY COURT LLC'S COMPLAINT**

Defendant Christopher Gary Baylor ("Baylor") who is an African and
Native American human being male, hereby answers the Complaint of Plaintiff,
KENNEDY COURT, LLC ("KENNEDY"), filed in the above-caption matter, and
asserts affirmative defenses and counterclaims as follows:

**ANSWER TO KENNEDY'S COMPLAINT**

**GENERAL DENIAL**

Unless expressly admitted below, Baylor denies each and every allegation
KENNEDY has set forth in its Complaint.

**RESPONSE TO KENNEDY'S SPECIFIC ALLEGATIONS**

Answering the specific allegations of KENNEDY'S Complaint, Baylor
responds with the following paragraphs sequentially to the paragraphs in
KENNEDY's Complaint:

1

**PARTIES[1]**

1.      Baylor lacks knowledge or information sufficient to form a belief as to the allegations in 1 through Paragraph 3 and can neither admit nor deny such allegations.

2.      Baylor admits that KENNEDY is a Limited Liability Company organized under the laws of Florida with its principle place of business at 1111 Kennedy Court, Titusville, Florida 32780. Baylor also admits that KENNEDY is currently a wholly-owned subsidiary of DHB DEVELOPMENT, D'ALESSABNDRO HOUSE BUYERS, a New York Corporation for "*flipping houses and properties for fun*!".

**JURISDICTION AND VENUE**

3.      Baylor admits that KENNEDY alleges an action for eviction under the Landlord and Tenant provisions of the State of Florida, Chapter 83 of the Florida statute, but specifically denies any such alleged refusal to surrender possession. Baylor admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

4.      Baylor admits that this Court has personal jurisdiction over him for purposes of this removed case.

5.      Baylor admits venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

---

[1] For case of reference only, Baylor has reproduced the headings KENNEDY used in its Complaint. To the extent the headings KENNEDY used contain any mischaracterizations, Baylor denies the truth of those mischaracterizations.

## THE "SUBJECT PROPERTY"

6.     Baylor admits that KENNEDY has alleged that he originally took possession of the "Subject Property" under, and as described in, a certain lease agreement. Baylor denies that his current possession of the "Subject Property" is subject to removal. Baylor denies the allegations in 1 to Paragraph 9. To the extent there are any remaining allegations, they are incomplete, and thus Baylor denies them on that basis.

## THE ASSERTED PROPERTY

7.     Baylor lacks knowledge or information sufficient to form a belief regarding KENNEDY's allegation that it is the owner of property in Brevard County, Florida. Baylor admits that KENNEDY alleges that a copy of a document is attached to its Complaint as Exhibit A, but lacks knowledge or information sufficient to form a belief regarding KENNEDY's allegation that Exhibit A is a true and a correct copy. Baylor admits that the face of the document KENNEDY proffers, alleges locations in Brevard County (i) that according to PARCEL NO 1. the Plat thereof as recorded in Book 1, Page 24, of the Public Records of Brevard County; (ii) PARCEL NO 2. the Plat thereof as recorded in Book 1, Page 24, of the Public Records of Brevard County; (iii) PARCEL NO 3. the Plat thereof as recorded in Book 1, Page 24, of the Public Records of Brevard County — a continuation of PARCELS. Baylor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 regarding property, including any allegations regarding ownership, and on that basis deny them. To the extent

such allegations are contained in Paragraph 3, Baylor denies that the attached Exhibit is valid or enforceable.

8.    Baylor lacks knowledge or information sufficient to form a belief regarding KENNEDY's allegation that it is the owner of a property, or lease titled under FRI FLORIDA REALITY INVESTMENT. Baylor admits that KENNEDY alleges that a copy of a lease agreement is attached to its Complaint as Exhibit B, but lacks knowledge or information sufficient to form a belief regarding KENNEDY's allegation that Exhibit B is a true and correct copy. Baylor admits that the face of the lease KENNEDY alleges is a copy that states (i) this agreement, made this day of 08/01/2019 between FRI PROPERTY MANAGEMENT, LLC; (ii) is signed *Vi Coactus* on November 26, 2019; and (iii) is issued from 3451 Technological Avenue, Suite 11 Orlando, FL 32817. Baylor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 regarding date of original possession, including any allegations regarding ownership or agreement, and on that basis deny them. To the extent such allegations are contained in Paragraph 4, Baylor denies that a lease signed *Vi Coactus* is valid or enforceable.

9.    Baylor lacks knowledge or information sufficient to form a belief regarding KENNEY's allegation that it is the owner of property with entitlement to create a month-to-month tenancy, to enforce a termination notice, or is entitled to take possession. Baylor admits that KENNEDY alleges that a copy of a termination notice is attached to its Complaint as Exhibit C, but lacks knowledge or information sufficient to form a belief regarding KENNEDY's

allegation that Exhibit C is a true and correct copy. Baylor admits that the face of the document KENNEDY alleges is a copy of a Notice of Termination that states (i) month-to-month tenancy for the above referenced premises is being terminated; (ii) issued on December 14, 2020; and (iii) issued by Landlord Kennedy Court, LLC, 1111 Kennedy Court #1, Titusville, FL 32780. Baylor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in 5 through Paragraph 9 regarding entitlement to possession, including any allegations regarding ownership, on that basis deny them. To the extent such allegations are contained in 1 through Paragraph 9, Baylor denies that a Complaint for eviction is valid or enforceable.

## COUNT I: TERMINATION OF TENANCY FLA. STAT. 83.57

10.    Baylor repeats and realleges his response to Paragraphs 1 through 9 above as if fully set forth herein.

11.    Baylor denies each and every allegation contained in Paragraph 6.

12.    Baylor admits that he was provided with a copy of KENNEDY's Complaint after filing of such Complaint. Baylor denies each and every remaining allegation contained in Paragraph 7.

13.    Baylor denies each and every allegation contained in Paragraph 8.

14.    Baylor denies each and every allegation contained in Paragraph 9.

## COUNT II: RIGHT OF POSSESSION

15.    Baylor repeats and realleges his response to Paragraphs 1 through 9 above as if fully set forth herein.

16.    Baylor denies each and every allegation contained in Paragraph 7.

17.    Baylor admits that he was provided with a copy of KENNEDY's Complaint after filing of such Complaint. Baylor denies each and every remaining allegation contained in Paragraph 6.

18.    Baylor denies each and every allegation contained in Paragraph 8.

19.    Baylor denies each and every allegation contained in Paragraph 9.

**COUNT III: REMOVAL AND SUMMARY PROCEDURE FLA. STAT. 83.58**

20.    Baylor repeats and realleges his response to Paragraphs 1 through 9 above as if fully set forth herein.

21.    Baylor denies each and every allegation contained in Paragraph 8.

22.    Baylor admits that he was provided with a copy of KENNEDY's Complaint after filing of such Complaint. Baylor denies each and every remaining allegation contained in Paragraph 9.

23.    Baylor denies each and every allegation contained in Paragraph 6.

24.    Baylor denies each and every allegation contained in Paragraph 7.

**COUNT IV: DOUBLE AWARD AND COSTS FLA. STAT. 83.59**

25.    Baylor repeats and realleges his response to Paragraphs 1 through 9 above as if fully set forth herein.

26.    Baylor denies each and every allegation contained in Paragraph 9.

27.    Baylor admits that he was provided with a copy of KENNEDY's Complaint after filing of such Complaint. Baylor denies each and every remaining allegation contained in 6.

28.    Baylor denies each and every allegation contained in Paragraph 7.

29.    Baylor denies each and every allegation contained in Paragraph 8.

## PRAYER FOR RELIEF

30.     Baylor denies each and every allegation contained in unnumbered Paragraphs, including KENNEDY's allegation that it is entitled to possession or should be granted any relief in this matter, including any of the relief KENNEDY seeks in Paragraph, subparts (1) through (9).

## BAYLOR'S AFFIRMATIVE AND OTHER DEFENSES

Baylor assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that he bears the burden of proof as to any of them. Discovery has not yet begun in this matter, and therefore Baylor has not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Baylor reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Negligence Per Se)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim by KENNEDY is negligence per se for failure to satisfy the conditions of the CDC quarantine Order which could result in injury, hospitalization or death specified under one or more sections of Title 42 of the United States Code, including, 42 U.S.C. 264, 271; without limitation 42 CFR 70.2.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

Upon information and belief, by reason of the CDC's moratorium on evictions during the Novel Coronavirus/COVID-19 pandemic in the U.S., termination of Baylor's tenancy followed by a Complaint for eviction asserted by KENNEDY, namely, the admissions, representations, and mischaracterizations made on behalf of itself in support of those claims, KENNEDY failed to execute an obligation and mutual promise to protect a covered person during the CDC Order's effective period.

**THIRD AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

Upon information and belief, by reason of KENNEDY's acceptance of an executed copy of the CDC's Order from Baylor, KENNEDY is estopped from commencing eviction proceedings in State court during the CDC's eviction moratorium, to extend coverage to itself by asserting claims for relief including possession, removal, costs and award, equivalent admissions of violations under 18 U.S.C. 3571(d); 42 U.S.C. 271; and 42 CFR 70.18.

**FOURTH AFFIRMATIVE DEFENSE**
**(Payment)**

Upon information and belief, KENNEDY has made claims that are barred in whole or in part by the CDC Order's moratorium on evictions other than for non-payment.

## FIFTH AFFIRMATIVE DEFENSE
### (42 CFR § 70.18 – Failure to Obey)

Upon information and belief, KENNEDY's lawsuit claims for damages as to the asserted rights, are barred, in whole or in part, for failure to comply with 42 CFR § 70.18.

## SIXTH AFFIRMATIVE DEFENSE
### (42 U.S.C. § 271)

Upon information and belief, Baylor may act on a defense provided by the United States government to a protected class of persons who rent or lease under the protection of the United States government. Baylor is therefore entitled to assert 42 U.S.C. § 271 as a defense to KENNEDY's allegations.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Upon information and belief, by the nature of conduct, KENNEDY did not take any reasonable steps to avoid harm or damages that could have been avoided with reasonable efforts or expenditures to coalesce with its tenants or seek the availability of government aid for businesses.

## EIGTH AFFIRMATIVE DEFENSE
### (Force Majeure (Act of God))

Upon information and belief, KENNEDY's claims are barred in whole or in part by a deadly pandemic and mitigation through governmental action. The consequences are unavoidable. KENNEDY failed to act to prevent damage, harm or injury to Baylor.

## NINTH AFFIRMATIVE DEFENSE
### (Justification)

Upon information and belief, KENNEDY's lawsuit claims for damages as to the asserted rights are barred, in whole or in part by Baylor's defense as a necessary self defense to irrevocable harm or death arising from a present, imminent, and impending threat of a life threatening pandemic that induces a well-grounded fear of death or serious bodily injury, by which Baylor has not recklessly or negligently placed himself in a situation where no reasonable housing, or legal alternative to violating the law is available to avoid the threat of harm or death.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

Upon information and belief, KENNEDY's lawsuit claims for relief and damages as to the asserted rights are barred, in whole or in part, for acceptance of an executed copy of the CDC's Order.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Upon information and belief, KENNEDY has failed to state a claim against Baylor upon which relief may be granted.

## TWELTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

Baylor reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## BAYLOR'S ASSERTED COUNTERCLAIMS

1.     Counterclaim-Plaintiff Christopher Gary Baylor ("Baylor"), for his counterclaims against Counterclaim-Defendant KENNEDY COURT, LLC. ("KENNEDY") asserts as follows:

## PARTIES

2.     Christopher Gary Baylor, is an African and Native American human being male, who entered a contractual lease rental agreement on October 29, 2018 to take possession of specific property located at 1111 Kennedy Court, Titusville, Florida 32780.

3.     In its Complaint, KENNEDY alleges that it is a Limited Liability Corporation organized and existing under the laws of the State of Florida, having a principal place of business at 1111 Kennedy Court, Titusville, Florida 32780.

## JURISDICTION AND VENUE

4.     These are counterclaims for Punitive, Statutory, Consequential and Compensatory Damages, for which this Court has jurisdiction under Title 42 of the United States Federal Code, § 271, § 1988, including 18 U.S. Code § 3571(d) and 42 CFR § 70.18, as well as under 28 U.S.C. §§ 1331.

5.     This Court has personal jurisdiction over KENNEDY by virtue of the Complaint KENNEDY filed and KENNEDY's significant contacts with this forum. On information and belief, KENNEDY (directly or indirectly) owns, rents or leases apartments, land or real estate, to an individual or business, who is called a tenant, and/or sells, sold, purchased, and used real property in the

State of Florida. On information and belief, KENNEDY, directly and/or through its agents or employees, conducts interstate commerce, with the knowledge and/or understanding that transactions will occur in the state of Florida. Moreover, on information and belief, KENNEDY operates a business within the State of Florida and expects or should reasonably expect its actions to have consequences in the State of Florida. Therefore, exercise of jurisdiction over KENNEDY will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with Fla. Stat. § 48.193, including at least under § 48.062, because KENNEDY COURT, LLC is engaged in substantial and not isolated activities within Florida and this judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c).

## COUNTERCLAIM I: DAMAGES JUDGMENT OF NON-TERMINATION OF TENANCY LEASE/CONTRACT FLA. STAT. 83.57

7.      Baylor incorporates by reference to the preceding averments set forth in Counterclaim Paragraphs 1–6.

8.      By the filing of its Complaint, KENNEDY has purported to assert claims against Baylor for the alleged violation of Fla. Stat. § 83.57, an express agreement terminated by KENNEDY.

9.      Baylor denies KENNEDY'S termination of tenancy allegations.

10.      The claim of termination is invalid or unenforceable for failure to satisfy one or more of the requirements of Title 42 of the United States Code, §§ 264, 271 including and without limitation 42 CFR § 70.2.

12

11.    Accordingly, there exists a substantial and continuing justiciable controversy between KENNEDY and Baylor as to the validity, and enforceability of Fla. Stat. § 83.57.

12.    Pursuant to 42 of the United States Code, § 271, 42 CFR § 70.18 and 18 U.S. Code § 3571(d), Baylor is entitled to a judgment for damages and a finding that the termination of a contractual agreement does not entitle KENNEDY to possession and use of the asserted property under the agreed-upon CDC Order during the effective period, and that every claim of eviction is invalid and unenforceable.

## COUNTERCLAIM II: DAMAGES JUDGMENT OF NON-RIGHT OF POSSESSION

13.    Baylor incorporates by reference to the preceding averments set forth in Counterclaim Paragraphs 1–6.

14.    By the filing of its Complaint, KENNEDY has purported to assert claims against Baylor for the alleged violation of failure to deliver possession.

15.    Baylor denies KENNEDY's right of possession allegations.

16.    The claim of possession is invalid or unenforceable for failure to satisfy one or more of the requirements of Title 42 of the United States Code, §§ 264, 271 including and without limitation 42 CFR § 70.2.

17.    Accordingly, there exists a substantial and continuing justiciable controversy between KENNEDY and Baylor as to the validity, and enforceability of a right of possession.

18.    Pursuant to 42 of the United States Code, § 271, without limit 42 CFR § 70.18 and 18 U.S. Code § 3571(d), Baylor is entitled to damages and a

judgment finding that claiming a right of possession does not entitle KENNEDY to exclusive possession and use of the property under the agreed-upon effective period of the CDC Order, and that every claim of possession is invalid and unenforceable.

## COUNTERCLAIM III: DAMAGES JUDGMENT OF NON-ENTITLEMENT TO REMOVAL AND SUMMARY PROCEDURE FLA. STAT. 83.58

19.     Baylor incorporates by reference to the preceding averments set forth in Counterclaim Paragraphs 1–6.

20.     By the filing of its Complaint, KENNEDY has purported to assert claims against Baylor for the alleged violation of possession of property.

21.     Baylor denies KENNEDY's entitlement to removal and summary procedure allegations.

22.     The claim of removal and summary procedure is invalid or unenforceable for failure to satisfy one or more of the requirements of Title 42 of the United States Code, §§ 264, 271 including and without limitation 42 CFR § 70.2.

23.     Accordingly, there exists a substantial and continuing justiciable controversy between KENNEDY and Baylor as to the validity, and enforceability of Fla. Stat. § 83.58.

24.     Pursuant to 42 of the United States Code, § 271, without limitation 42 CFR § 70.18 and 18 U.S. Code § 3571(d), Baylor is entitled to damages and a judgment finding that entitlement to removal and summary procedure under

14

the agreed-upon effective period of the CDC Order, and that every claim for removal or summary procedure is invalid and unenforceable.

### COUNTERCLAIM IV: DAMAGES JUDGMENT OF NON- AWARD AND COSTS FLA. STAT. 83.59

25.  Baylor incorporates by reference to the preceding averments set forth in Counterclaim Paragraphs 1–6.

26.  By the filing of its Complaint, KENNEDY has purported to assert claims against Baylor for the alleged refusal to surrender possession.

27.  Baylor denies KENNEDY's entitlement to awards and cost allegations.

28.  The claim of awards and costs is invalid or unenforceable for failure to satisfy one or more of the requirements of Title 42 of the United States Code, §§ 264, 271 including and without limitation 42 CFR § 70.2.

29.  Accordingly, there exists a substantial and continuing justiciable controversy between KENNEDY and Baylor as to the validity, and enforceability of Fla. Stat. § 83.59.

30.  Pursuant to 42 of the United States Code, § 271, without limitation 42 CFR § 70.18 and 18 U.S. Code § 3571(d), Baylor is entitled to damages and a judgment finding that entitlement to awards and costs under the agreed-upon effective period of the CDC Order, and that every claim of awards and costs is invalid and unenforceable.

### REQUEST FOR RELIEF

31.  WHEREFORE, Baylor respectfully prays to God Almighty, but asks the Court for relief as follows:

15

A.    For a Punitive, Statutory, Consequential and Compensatory Damage Judgment that the '83.57, '83.58, '83.59 and 'possession claims, and each and every asserted claim thereof, are invalid and unenforceable;

B.    That KENNEDY's Complaint be dismissed without prejudice, with KENNEDY taking nothing;

C.    That pursuant to 42 U.S.C. § 271, 42 CFR § 70.18, 18 U.S. Code § 3571(d), Federal Rule of Civil Procedure 11, and/or other applicable authority not limited to and including 42 U.S.C. § 1988, KENNEDY be ordered to pay Baylor maximum damages allowed by law in defending against KENNEDY's claims;

D.    Baylor be awarded such other relief as the Court deems just and equitable.

## BAYLOR'S ASSERTED COUNTERCLAIMS

32.    Counterclaim-Plaintiff Christopher Gary Baylor ("Baylor") for its counterclaims against Counterclaim-Defendant KENNEDY COURT, LLC ("KENNEDY") alleges as follows:

33.    These are counterclaims brought by Baylor against KENNEDY for KENNEDY's violation of Baylor's Civil and statutory rights. In particular, Baylor seeks redress for KENNEDY's deprivation of Baylor's Civil Rights. 42 U.S.C. § 1981, 42 U.S.C. § 1982 and 42 U.S.C. § 1988 (collectively, "the Protected Rights").

**PARTIES**

34.    Christopher Gary Baylor, is an African and Native American human being male, who entered a contractual lease rental agreement on October 29, 2018 to take possession of specific property located at 1111 Kennedy Court, Titusville, Florida 32780.

35.    In its Complaint, KENNEDY alleges that it is a Limited Liability Corporation organized and existing under the laws of the State of Florida, having a principal place of business at 1111 Kennedy Court, Titusville, Florida 32780.

**JURISDICTION AND VENUE**

36.    This proceeding is a civil action for the deprivation of Protected Rights arising under the laws of the United States, 42 U.S.C. § 1981, 42 U.S.C. § 1982 and 42 U.S.C. § 1988. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

37.    This Court has personal jurisdiction over KENNEDY by virtue of the Complaint KENNEDY filed and KENNEDY's significant contacts with this forum. On information and belief, KENNEDY (directly or indirectly) owns, rents or leases apartments, land or real estate, to an individual or business, who is called a tenant, and/or sells, sold, purchased, and used real property in the State of Florida. On information and belief, KENNEDY, directly and/or through its agents or employees, conducts interstate commerce, with the knowledge and/or understanding that transactions will occur in the state of Florida. Moreover, on information and belief, KENNEDY operates a business within the

17

State of Florida and expects or should reasonably expect its actions to have consequences in the State of Florida. Therefore, exercise of jurisdiction over KENNEDY will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with Fla. Stat. § 48.193, including at least under § 48.062, because KENNEDY COURT, LLC is engaged in substantial and not isolated activities within Florida and this judicial district.

38.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c).

**BAYLOR'S COUNTERCLAIM V:**
**IMPAIRMENT OF EQUAL RIGHTS UNDER THE LAW 42 U.S.C § 1981**

39.    Baylor incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-5 and 34-38.

40.    42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts. The Civil Rights Act of 1991 legislatively provided that the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C.  § 1981(b).

41.    In its Complaint, KENNEDY alleges that on August 1, 2019, Baylor originally took possession of the asserted property under a certain lease agreement, and that Baylor subsequently maintained possession with the consent of KENNEDY, creating a month-to-month, tenancy-at-will contractual agreement beginning after October 31, 2020.

42.    On or about November 1, 2020, KENNEDY conspicuously posted an envelope to Baylor's front door containing a letter making itself out to be the "*new owners of the property*". The language in the letter is inclusive of all tenants and promotes prospective upgrades to each home, which would improve quality of life and happiness for every tenant. The letter also implies that KENNEDY will be "*renovat[ing] any and all vacant units; in the process of applying to build a pool, laundry room, fitness center, new office and maintenance shop*". Additional language in the letter implies that KENNEDY will "*honor current lease[s] and if expired, [tenants] will be reach[ed] out to soon*".

43.    On November 9, 2020, KENNEDY *reached out* by posting conspicuously to Baylor's front door, a "*Notice Of Non-Renewal Of Lease*".

44.    On November 23, 2020, Baylor *reached out* by making a formal complaint against KENNEDY for its refusal to extend his lease rental agreement based on racial animus and other discriminating factors.

45.    Following his Complaint, Baylor made several attempts to serve an executed copy of the CDC's Order upon KENNEDY, and on December 7, 2020, KENNEDY returned the executed copy of the CDC Order in an envelope by conspicuously posting it to Baylor's front door, including a handwritten note contrary to its initial notice to all tenants, now changing its stance after served a complaint, asserting that KENNEDY's intent is to "*not renew anyone*".

46.    On information and belief, KENNEDY has impaired and is still impairing, or causing the deprivation of Protected Rights, pursuant to 42 U.S. Code §1981(a), (b), and/or (c), either directly and/indirectly, literally or by

19

its activities and conduct, including the impairing of the making, performance and modification of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship in the State of Florida, including but not limited to enforcement of the agreement between the parties under the CDC Order.

47.    KENNEDY's impairing activities have caused and will continue to cause Baylor irreparable harm and irrevocable injury, for which he has no adequate remedy at law, unless KENNEDY's impairment activities are penalized or enjoined by this Court in accordance with 42 U.S.C. § 1981.

48.    Baylor has been and continues to be damaged emotionally and financially by KENNEDY's impairment of his Protected Rights, in an amount to be determined at trial.

49.    On information and belief, KENNEDY's impairment of Baylor's Protected Rights is a willful and deliberate cover for disparate acts availed in conduct and language contrary to KENNEDY's initial stance, compared to a noticeable change of position following Baylor's claim of racial animus. KENNEDY first gave notice asserting prospective changes that would benefit and improve the quality of life and happiness for every person, then without notice to anyone except Baylor, declined to renew *anyone's* lease, justifying damages in accordance with 42 U.S.C. § 1981. On information and belief, KENNEDY's impairment of Protected Rights is exceptional and entitles Baylor to double damages pursuant to 18 U.S. Code § 3571(d) and 42 CFR § 70.18, and costs incurred in prosecuting this action under 42 U.S.C. § 1988.

## BAYLOR'S COUNTERCLAIM VI:
## DEPRIVATION OF PROPERY RIGHTS 42 U.S.C § 1982

50.     Baylor incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-5 and 34-49.

51.     42 U. S. C. § 1982, which provides that "[a]ll citizens of the United States shall have the same right . . . as is enjoyed by [W]hite citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property.", implies that all citizens shall have the same right to hold and lease property as White citizens.

52.     Baylor, who is possession of the asserted property, retains all rights, entitlement and interest in the asserted property, including the right to hold by the CDC's agreement between parties, creating mutual obligations enforceable by law, legally enforceable by mutual assent, expressed by a valid offer and acceptance; adequate consideration; capacity; and legality, accorded by the CENTERS FOR DISEASE CONTROL AND PREVENTION.

53.     On September 4, 2020, the Centers for Disease Control and Prevention ("CDC") issued an Order that entitles tenants to a temporarily halt on residential evictions. The Order was deemed effective immediately and will expire on March 31, 2021.

54.     Beginning on December 1, 2020, Baylor made several attempts to serve an executed copy of the CDC's Order and rental payment on KENNEDY. The executed copy of the CDC's Order and rental payment were returned several times in an envelope conspicuously posted to Baylor's front door. On

December 8, 2020, KENNEDY accepted Baylor's rent payment and service of an
executed copy of the CDC's order.

55.     According to the Census Bureau, the population estimate for
Titusville, Florida as of July 1, 2019, is 46,580. 76.3% of the population is said
to be White, while 14.5% Black or African American.[2] Data gathered from the
Census Bureau, ACS PUMS 5-Year Estimate is said by DataUSA, the "Highest
Average Salaries By Race & Ethnicity in Florida, was Asian. These workers
were paid 1.08 times more than Alaska Native workers, who made the second
highest salary of any race/ethnicity in Florida." A chart shows the race- and
ethnicity-based wage disparities in the 5 most common occupations in Florida
by number of full-time employees. Based on the highest average salaries of the
races listed, Blacks or African Americans are not included.[3]

56.     "The most common racial or ethnic group living below the poverty
line in Titusville, FL is White, followed by Black and Hispanic, (1) White
5,046 ± 549, (2) Black 2,146 ± 420." *Id.* After reexamination of the statistics,
while Whites may have a higher percentage of poverty compared to Blacks or
African Americans, when viewed against the total population of either race, of
the 35,540 Whites, 5,046 ± 549 accounts for only 15% of the White poverty
level, while of the 6,754 Blacks, 2,146 ± 420 accounts for 32% of the Black
poverty level. If factoring in other statistics, Blacks are 85% less likely to be
able to afford KENNEDY's 35% rent increase which targets and precludes

---

[2] https://www.census.gov/quickfacts/fact/table/titusvillecityflorida#
[3] https://datausa.io/profile/geo/titusville-fl

Blacks or African Americans, and is discriminatory in an area where housing for Blacks or African Americans is limited, and White tenants are far more desirable.

57.    According to the statistical analysis at DataCommons, Blacks are most likely to face disparities such as homelessness being the higher percentage of renters and non-land or homeowners.

58.    On information and belief, KENNEDY has deprived and is still depriving, or causing the deprivation of Baylor's Protected Rights, pursuant to 42 U.S. Code §1982, either directly and/or indirectly, literally or by its activities and conduct, including the deprivation of the rights as is enjoyed by White citizens thereof to lease and hold personal property in the State of Florida, including but not limited to enforcement of the agreement between the parties under the CDC Order.

59.    KENNEDY's deprivation activities have caused and will continue to cause Baylor irreparable harm, for which he has no adequate remedy at law, unless KENNEDY's deprivation activities are penalized or enjoined by this Court in accordance with 42 U.S.C. § 1982.

60.    Baylor has been and continues to be damaged emotionally and financially by KENNEDY's impairment of Protected Rights, in an amount to be determined at trial.

61.    On information and belief, KENNEDY's house flipping scheme solely used for pecuniary gain deprives Baylor of Protected Rights even while covered under the CDC's moratorium. KENNEDY's racial animus and

discriminatory behavior deprives Baylor of the right to hold or lease property under extreme circumstances. It is exceptional and entitles Baylor to double damages pursuant to 18 U.S. Code § 3571(d) and 42 CFR § 70.18, and costs incurred in prosecuting this action under 42 U.S.C. § 1982.

### BAYLOR'S COUNTERCLAIM VII:
### NEGLIGENCE PER SE

62.    Baylor incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-5 and 34-61.

63.    The CDC Order applies to any state or local area with a moratorium on residential evictions that provides fewer protections to residential tenants than the CDC Order. The Florida Order expired on October 1, 2020, meaning that the State of Florida provides fewer protections than the CDC Order. Accordingly, the CDC Order applies in Florida through at least March 31, 2021, and the CDC Order may be further extended or modified.

64.    In its Complaint, KENNEDY alleges that, Baylor maintained possession of the asserted property with the consent of KENNEDY, creating a month-to-month, tenancy-at-will contractual agreement beginning after October 31, 2020. KENNEDY accepted Baylor's rent payment and executed copy of the CDC's Order on December 8, 2020, agreeing to create a mutual binding obligation, legally enforceable by law through mutual assent, an expressed valid offer and acceptance, and adequate consideration to protect a covered person throughout the CDC Order's Effective Period.

65.    On December 14, 2020, KENNEDY posted conspicuously to Baylor's front door a "*Notice of Termination of Month-to-Month Tenancy*". Despite

knowing the severe risk of injury, hospitalization or death, KENNEDY subsequently filed a suit for eviction in State court on January 21, 2021, causing Baylor further emotional anguish such as nervousness, anxiety, worry and humiliation. The CDC's Order provides that: "[u]nder this Order, a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of the Order."[4] "Evictions" do not require physical removal when evictions include "the process of legally dispossessing a person of land or rental property."[5]

66.    On information and belief, KENNEDY's negligence has violated and is still violating, or causing a violation, pursuant to 42 U.S.C §271(a), either directly and/or indirectly, literally or by its activities, including beginning a eviction process that fails to protect Baylor and his particular interest against the exposure to COVID-19, which has resulted in emotional and financial injury by becoming forced to prosecute for relief in and against a suit from a pandemic which resulted in millions of death.

67.    KENNEDY's negligent activities have caused and will continue to cause Baylor irreparable harm, for which he has no adequate remedy at law,

---

[4] Centers for Disease Control and Prevention ("CDC") entitled Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19. 85 Fed. Reg. 55,292 (Sept. 4, 2020) ("CDC Order")

[5] "the act or process of legally dispossessing a person of land or rental property." Black's Law Dictionary, 9th Ed. Pg. 635 (2009).

unless KENNEDY's negligent activities are penalized by this Court in accordance with 18 U.S. Code § 3571(d) and 42 CFR § 70.18(a).

68.    Baylor has been and continues to be damaged emotionally and financially by KENNEDY's negligence of 42 U.S.C. § 264, in an amount to be determined at trial.

69.    On information and belief, KENNEDY's negligence of 42 U.S.C. § 264 is willful and deliberate, and justifies an increase in damages of up to two times in accordance with 18 U.S. Code § 3571(d).

70.    On information and belief, KENNEDY's negligence of 42 U.S.C. § 264 is exceptional and entitles Baylor to statutory damages pursuant to 42 CFR § 70.18 and costs incurred in prosecuting this action under 42 U.S.C. § 264.

## DEMAND FOR JURY TRIAL

71.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Baylor demands a trial by jury of his peers in this action.

## REQUEST FOR RELIEF

72.    WHEREFORE, Baylor respectfully requests that:

a.    Judgment be entered that KENNEDY has violated one or more claims of each of the Asserted Counterclaims;

b.    Judgment be entered awarding Baylor all damages for KENNEDY's violated of the Asserted Counterclaims including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

       c.      Judgment be entered that KENNEDY's violation of each of the Asserted Counterclaims is willful and deliberate, and therefore, that Baylor is entitled to double damages as provided by 18 U.S. Code § 3571(d);

       d.      Judgment be entered awarding Baylor such other and further relief as this Court may deem just and proper.

    Dated: February 8, 2021      Respectfully submitted,

    I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

*Against A Fatherless America*
Christopher Gary Baylor
Advocate for the Prevention of Child
Abduction, Abuse & Alienation
491 Baltimore Pike, Ste. 105
Springfield, Pennsylvania 19064
P: (484) 682-2605
cbaylor@aafa-law.org
edo_delight@comcast.net

cc:   U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC 20530-0001

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the Eleventh day of February, 2021, a copy of the foregoing document will be filed with the Clerk of United States Middle District Court using the "ELECTRONIC FILING DURING THE NATIONAL EMERGENCY DECLARED BY PRESIDENT TRUMP ON MARCH 13, 2020", and a copy of the foregoing will be mailed via Certified First Class Mail upon the following:

> SHAWN M. TRAUTMAN,
> WATSON, SOLIEAU, DELEO
> BURGETT, PA,
> 3490 N. U.S. Highway 1,
> Cocoa, Florida 32926
> shawn@brevardlawgroup.com

<u>/s/Christopher Gary Baylor</u>
Christopher Gary Baylor

cc:    U.S. Department of Justice
       950 Pennsylvania Avenue, NW
       Washington, DC 20530-0001